# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERNEST HUIZAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-08-CA-103-XR |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this date, the Court considered the Report and Recommendation filed by the Magistrate Judge, and Plaintiff's objections thereto, concerning Plaintiff's appeal of the Commissioner's decision to deny him Social Security disability benefits. Where the Report and Recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). After careful consideration, the Court accepts the Magistrate Judge's recommendation to reverse and remand for further proceedings.

## Introduction

On May 18, 2005, Plaintiff filed a Title II application for disability insurance benefits.[1] Plaintiff also filed a Title XVI application for supplemental security income on May 18, 2005.[2] On August 17, 2007, the Administrative Law Judge (ALJ) denied Plaintiff's claims for disability

---

[1] Tr. at 23.

[2] *Id.*

insurance benefits and supplemental security income at step five, finding that Plaintiff could work the jobs of night watchman, security guard, gate guard, and school bus monitor, available in significant numbers throughout the national economy.[3] Plaintiff appealed, arguing that the ALJ erred by: (1) not following the procedure for considering vocational expert (VE) testimony set forth by SSR 00-4p; (2) considering part-time work (school bus monitor job) in deciding whether Plaintiff could perform other work significantly available in the national economy; and (3) not ordering a consultative psychological examination.[4] The Magistrate Judge recommended reversal and remand of the ALJ's denial of Plaintiff's application for disability insurance benefits and supplemental security income. Under Plaintiff's first and second objections, the Magistrate Judge agreed the ALJ did not comply with SSR 00-4p in regards to the night watchman, security guard, and gate guard jobs but stated that the ALJ did not err in considering the school bus monitor job.[5] The Magistrate Judge also recommended that the ALJ should consider the necessity of a consultative psychological examination on remand.[6] The Commissioner objects to the Magistrate Judge's recommendation to remand on the grounds that the school bus monitor job exists in significant numbers in the national economy such that remand to correct any errors identified by the Magistrate Judge would be unnecessary.[7] Plaintiff responds that, because the ALJ's "significant number" decision was based on a finding that Plaintiff could work any of four different jobs (night watchman, security guard, gate

---

[3]*Id.* at 29-30.

[4]*Id.* at 5,10-11.

[5]Docket #21 at 35.

[6]*Id.*

[7]Docket #23 at 5.

guard, and school bus monitor), any decision by the Court regarding whether the school bus monitor job alone satisfies the "significant number" standard would constitute an improper post hoc rationalization for affirming the decision of the Commissioner.[8] Plaintiff further argues that the Court should reject the Magistrate Judge's recommendation that Plaintiff could work as a school bus monitor.[9]

## Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. § 405(g).[10]

## Administrative Proceedings

This is an action to review a decision of the Commissioner of the Social Security Administration. Plaintiff originally filed applications for disability insurance benefits and supplemental security benefits on May 18, 2005, alleging disability since May 30, 2003.[11] The claims were denied initially on August 10, 2005 and upon reconsideration on December 2, 2005.[12] Plaintiff then filed a written request for a hearing on December 15, 2005.[13] On June 20, 2007, Plaintiff appeared and testified in front of the ALJ at a hearing in San Antonio, Texas.[14] The ALJ

---

[8] Docket #24 at 2-3.

[9] *Id.* at 4-5.

[10] 42 U.S.C. § 405(g).

[11] Tr. at 23.

[12] *Id.*

[13] *Id.*

[14] *Id.*

denied disability benefits to the Plaintiff on August 17.[15] On December 11, 2007, the Appeals Council concluded no basis existed to grant review of the ALJ's decision.[16] Plaintiff appealed the Appeals Council's decision, and the Magistrate Judge issued a Report and Recommendation on August 13, 2008.[17] The Commissioner objected to the Report and Recommendation, and Plaintiff filed a response to the Commissioner's objections.[18]

**Analysis**

**A.     Standard of Review**

In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[19] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[20] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[21]

---

[15]*Id.* at 31.

[16]*Id.* at 4.

[17]Docket #21 at 1.

[18]Docket #23 at 1; Docket #24 at 1.

[19]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[20]*Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[21]*Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[22] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from reweighing the evidence or substituting its judgment for that of the Commissioner.[23] Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[24] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[25]

1. **Entitlement to Benefits**

Every individual who is insured for disability benefits, has not reached retirement age, meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive disability insurance benefits.[26] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive supplemental security income benefits.[27] The term "disabled" or "disability"

---

[22] *Martinez*, 64 F.3d at 173.

[23] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (the court is not to re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner).

[24] *Martinez*, 64 F.3d at 174.

[25] *Id*.

[26] 42 U.S.C. § 423(a)(1).

[27] 42 U.S.C. § 1382(a)(1) & (2).

5

means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[28] A claimant shall be determined to be disabled only if her physical or mental impairment or impairments are so severe that she is unable to not only do her previous work, but cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she applied for work.[29]

### 2. Evaluation Process and Burden of Proof

Regulations set forth by the Commissioner prescribe that disability claims are to be evaluated according to a five-step process.[30] A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[31]

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[32] If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience.[33] The second step involves determining whether the

---

[28] 42 U.S.C. § 1382c(a)(3)(A).

[29] 42 U.S.C. § 1382c(a)(3)(B).

[30] 20 C.F.R. §§ 404.1520 and 416.920.

[31] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[32] 20 C.F.R. §§ 404.1520 and 416.920.

[33] *Id*.

claimant's impairment is severe.[34] If it is not severe, the claimant is deemed not disabled.[35] In the third step, the Commissioner compares the severe impairment with those on a list of specific impairments.[36] If it meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience.[37] If the impairment is not on the list, the Commissioner, in the fourth step, reviews the claimant's residual functional capacity (RFC) and the demands of her past work.[38] If the claimant is still able to do her past work, the claimant is not disabled.[39] If the claimant cannot perform her past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given her residual capacities, age, education, and work experience, to do other work.[40] If the claimant cannot do other work, she will be found disabled. The claimant bears the burden of proof at the first four steps of the sequential analysis.[41] Once the claimant has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account her exertional and nonexertional

---

[34]*Id.*

[35]*Id.*

[36]*Id.*

[37]*Id.*

[38]*Id.*

[39]*Id.*

[40]*Id.*

[41]*Leggett*, 67 F.3d at 564.

limitations, able to maintain for a significant period of time.[42] If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that she is unable to perform the alternative work.[43]

**B.      Findings and Conclusions of the ALJ**

In the instant case, the ALJ reached his decision at step five of the evaluation process. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since the alleged onset date, May 30, 2005.[44] At step two, the ALJ found Plaintiff had the medically determinable impairment of right hand ulnar nerve palsy, a "severe" impairment within the meaning of the Regulations.[45] The ALJ also considered Plaintiff's alleged impairments of diminished mental capacity, illiteracy, and depression, but found these alleged impairments to be "non-severe."[46] At step three, the ALJ found the Plaintiff's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[47] At step four, the ALJ concluded that Plaintiff is unable to perform past relevant work but has the RFC to perform unskilled light exertion work.[48] The ALJ determined the Plaintiff had full use of the left upper extremity but was limited to using his right arm as a helper hand, although he retained the capacity to sign his name

---

[42]*Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

[43]*Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

[44]Tr. at 25.

[45]*Id.* at 25A (citing 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)).

[46]*Id.* at 26.

[47]*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

[48]*Id.* at 29-30.

with the right upper extremity.[49] At step five, the ALJ, relying on VE testimony, concluded that Plaintiff had the requisite RFC to perform other work found in significant numbers in the economy and therefore was not "disabled" as defined in the Social Security Act.[50] Specifically, the ALJ found Plaintiff could work as a night watchman, security guard, gate guard, and/or school bus monitor.[51]

## C. Recommendation of the Magistrate Judge

On appeal to this Court, Plaintiff raised three objections to the ALJ's decision: (1) the ALJ erred by not following the procedure for considering VE testimony set forth by SSR 00-4p; (2) the ALJ erred in considering whether Plaintiff could work as a school bus monitor because school bus monitor positions are only available on a part-time basis; and (3) the ALJ erred in not ordering a consultative psychological examination.[52] Plaintiff also requested that the ALJ be instructed on remand to consider a report reflecting a recent psychological evaluation of Plaintiff.

The Magistrate Judge recommended reversal and remand, finding the ALJ erred in not following the procedure set forth by SSR 00-4p when the ALJ did not obtain a reasonable explanation for a conflict between the vocational expert testimony and the Dictionary of Occupational Titles (DOT).[53] The Magistrate Judge found no error on Plaintiff's second and third arguments, but stated the ALJ should consider the new psychological report on remand.[54]

---

[49]*Id.* at 26.

[50]*Id.* at 29-30.

[51]Docket #23 at 27.

[52]Tr. at 5, 10-11.

[53]Docket #23 at 28-29.

[54]Docket #21 at 35.

9

**D.     Objections**

The Commissioner objects to the remand of the case.[55] The Commissioner asserts that the ALJ's determination that Plaintiff can work as a school bus monitor is unaffected by the ALJ's failure to follow SSR 00-4p. The Commissioner contends that the Court can affirm the Commissioner's decision because the school bus monitor job alone is available in significant numbers in the national economy; therefore substantial evidence exists for the District Court to affirm the ALJ's decision under step five.[56]

Plaintiff responds that, because the ALJ's "significant number" decision was based on a finding that Plaintiff could work any of four different jobs (night watchman, security guard, gate guard, and school bus monitor), any decision by the Court regarding whether the school bus monitor job alone satisfies the "significant number" standard would constitute an improper post hoc rationalization for affirming the decision of the Commissioner.[57] Plaintiff further argues that the Court should reject the Magistrate Judge's recommendation that Plaintiff could work as a school bus monitor.

**E.     Analysis**

   **1.     Whether the ALJ erred in failing to comply with SSR 00-4p in considering the security guard, gate guard, and night watchman positions**

"When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or

---

[55]Docket #23 at 5.

[56]*Id.* at 5.

[57]Docket #24 at 2-3.

10

VS evidence and information provided in the DOT. In these situations, the adjudicator will: Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict."[58] Plaintiff argues that the Magistrate Judge failed to comply with SSR00-4p in considering the VE's testimony that Plaintiff could work as a security guard, gate guard, night watchman, or school bus monitor. The Magistrate Judge concluded that the ALJ failed to comply with SSR 00-4p with respect to his inquiries regarding the security guard, gate guard, and night watchman positions, but that the ALJ did not so err in his consideration of the school bus monitor position. Neither party takes issue with the Magistrate Judge's conclusion regarding the security guard, gate guard, and night watchman positions. Therefore, the Court reviews this portion of the Magistrate Judge's determination to ensure it is neither clearly erroneous nor contrary to law.[59]

The VE classified each of the three jobs as unskilled labor.[60] The DOT classifies these three jobs each as having a special vocational preparation factor ("SVP") of 3.[61] SSR 00-4p states unskilled work corresponds to a SVP of 1-2 and semi-skilled work corresponds to a SVP of 3-4.[62] The DOT classifies the jobs of night watchman, security guard, and gate guard as semi-skilled work.

---

[58] SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000).

[59] *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

[60] Tr. at 30.

[61] DICTIONARY OF OCCUPATIONAL TITLES, at appx. C (1991), available at www.westlaw.com (Database DICOT).

[62] SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).

An apparent conflict thus exists between the DOT and the VE's testimony as to the skill level required for each job. Likewise, a possible conflict exists between the VE's testimony that Plaintiff could work as a night watchman, gate guard, or security guard, despite having very limited use of one arm, and the DOT, which states that each job requires occasional to frequent reaching and handling. The ALJ did not articulate or attempt to elicit a reasonable explanation for the conflicts. Nor did the VE testify regarding any such apparent conflicts. Therefore, the Magistrate Judge's conclusion that the ALJ failed to comply with SSR 00-4p is neither clearly erroneous nor contrary to law. On remand, the ALJ is instructed to conduct proceedings in compliance with SSR 00-4p in determining whether Plaintiff could work as a night watchman, security guard, and gate guard.

### 2. Whether the ALJ erred by concluding at step five that Plaintiff could work as a school bus monitor

Plaintiff argues that the ALJ improperly considered at step five whether Plaintiff could work as a school bus monitor because: (a) the ALJ failed to comply with SSR 00-4p in considering the position, and (b) Plaintiff claims the position is only available as part-time work and that part-time work should not be considered at step five.[63]

#### a. SSR 00-4p

Plaintiff argues that the VE's conclusion that Plaintiff could work as a school bus monitor, despite Plaintiff's very limited use of one arm, conflicts with the DOT regarding the use of arms in that the DOT does not include any information about jobs compatible with full use of one arm and very limited use of the other. Therefore, Plaintiff argues that a conflict existed between the VE's testimony and the DOT such that the ALJ should have followed the procedure set forth by SSR 00-

---

[63]Docket #11 at 9-10.

4p. The Magistrate Judge concluded that Plaintiff failed to present evidence that the VE's testimony was inconsistent with the DOT specifications for the school bus monitor position; therefore, the ALJ did not fail to comply with SSR 00-4p.[64] Plaintiff objects to the Magistrate Judge's conclusion.[65] The Court therefore reviews Plaintiff's arguments *de novo*.[66]

Substantial evidence supports the ALJ's implicit conclusion that the VE's testimony does not conflict with the DOT. The DOT describes a monitor's duties as follows:

> Monitors conduct of students on school bus to maintain discipline and safety: Directs loading of students on bus to prevent congestion and unsafe conditions. Rides school bus to prevent altercations between students and damage to bus. Participates in school bus safety drills. May disembark from school bus at railroad crossings and clear bus across tracks.[67]

Plaintiff argues that prevention of altercations between students requires that a monitor have the full use of both arms. Plaintiff ignores that this duty is modified by the phrase "[r]ides school bus to" prevent altercations. The phrase implies that the monitor's mere presence is intended to prevent altercations. Confirming this reading, the DOT further explains that a school bus monitor is not required to reach, handle, crawl, climb, or feel.[68] Because no apparent conflict exists between the DOT and the VE's testimony, the ALJ did not err by failing to follow SSR 00-4p with respect to the school bus monitor position.

---

[64]Docket #21 at 28-30.

[65]Docket #24 at 4-7.

[66]FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1).

[67]DICTIONARY OF OCCUPATIONAL TITLES, at appx. C (1991), available at www.westlaw.com (Database DICOT).

[68]*Id.*

13

b. **Part-time work**

The Magistrate Judge concluded that substantial evidence supports the ALJ's decision that school bus monitors typically work full time,[69] and therefore it was proper for the ALJ to consider the position at step five.[70] Neither party challenges the Magistrate Judge's conclusion, so the Court reviews whether the finding is clearly erroneous or contrary to law.

The Magistrate Judge based her decision on the following points: (1) neither the description in the DOT for school bus monitor nor the VE's testimony suggest the work is performed on a part-time basis; (2) the VE testified during the hearing that light exertion work included "standing up to six to eight hours in a workday," described the work of school bus monitor as light exertion work according to the DOT, and opined that plaintiff would be capable of performing such work; and (3) no evidence existed to the contrary. The cited testimony regarding light exertion work was not intended to comment on whether a school bus monitor typically works a part-time job; rather, the VE was merely setting the maximum parameter of exertion for each of the jobs under consideration:

ALJ:   Have you reviewed the evidence in this case?

---

[69]Docket #21 at 31.

[70]*See* SSR 96-8p, available at http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html ("Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."); *but see id.* at n.2 ("The ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process. Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.").

> VE: I have.
>
> ALJ: Been present and heard the testimony?
>
> VE: I have.
>
> ALJ: Would you give us your understanding of the classifications of work activity so far as strength demands are concerned?
>
> VE: Yes. We're talking sedentary when we mean up to – sitting up to six to eight hours and occasionally lifting up to 10 pounds. When we speak of light, we're speaking of standing up to six to eight hours in a workday and lifting occasionally 10 pounds and frequently – occasionally 20 pounds and frequently 10 pounds. And medium is occasionally lifting 50 pounds and frequently lifting 25.[71]

This is not evidence suggesting that school-bus monitors work full-time. No evidence was presented suggesting that school bus monitors typically work full time. Therefore, substantial evidence does not support the ALJ's decision, and the Magistrate Judge's conclusion was clearly erroneous.[72] On remand, the ALJ is instructed to conduct further factual development regarding whether and the extent to which the job of school bus monitor is available as a full-time position in the national and local economies.

### 4. Whether the ALJ should have ordered a consultative psychological examination

Plaintiff argues in his appeal brief that the ALJ should have granted his request for a consultative psychological examination. During the administrative hearing, Plaintiff's attorney requested "a consultative examination" to examine Plaintiff's mental acumen and alleged functional

---

[71]Tr. at 222-23.

[72]The Commissioner contends that the ALJ's decision at step five must be affirmed because substantial evidence exists in the record that the school-bus monitor job alone exists in significant numbers in the national economy. This argument depends on the Court's acceptance of the Magistrate Judge's recommendation that the school bus monitor job should be considered at step five. Because the Court does not accept that recommendation, the Commissioner's argument is rendered moot.

15

illiteracy, in the event the ALJ did not find Plaintiff disabled based on the evidence in the record at the time of the hearing.[73] The ALJ denied Plaintiff's request.

The regulations provide that "[a] consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim."[74] The Magistrate Judge found that substantial evidence supported the ALJ's decision not to order a consultative examination. Plaintiff testified that he completed seventh grade but dropped out of eighth grade. Plaintiff alleged that he has difficulties in reading and writing, and a Social Security Administration representative's notes indicate that Plaintiff has problems writing, is illiterate, and probably has low mental functioning. Nonetheless, Plaintiff stated that he can read small words, that he was in regular, not special education classes, and that he dropped out of school not due to learning difficulties but because he was being bullied. Plaintiff further testified that he signed his disability application. The field representative who conducted a face-to-face interview with Plaintiff observed Plaintiff to have no difficulty in reading, writing, understanding, or concentrating during the interview. Plaintiff holds a driver's license, suggesting that his reading and writing abilities are sufficient enough to have read and passed the Texas driver's certification test. There was significant evidence available from which the ALJ could make a decision regarding Plaintiff's claim. Neither party objected to the Magistrate Judge's conclusion, and the Court accepts the Magistrate Judge's recommendation as neither clearly erroneous nor contrary to law.

---

[73]Tr. at 296, 231; *see also id.* at 297 (Plaintiff's attorney stating: "So I think it would be extremely important to determine whether or not, in fact, what his reading and writing abilities are and what his cognitive deficits are, if any.").

[74]20 C.F.R. §§ 404.1519a(b) and 416.919a(b).

## 5. Whether the ALJ should consider Plaintiff's new medical report on remand

On appeal, Plaintiff submitted to the Court a March 2008 report of a psychological evaluation of Plaintiff, which purports "to establish current levels of intellectual, adaptive, academic, and psychological functioning."[75] The report, which was completed after this appeal was filed, was not presented to the ALJ. Plaintiff requests that the ALJ remand this case with instructions to consider the newly submitted evidence.

The Court may "order additional evidence to be taken ... upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[76] The Magistrate Judge recommended that the ALJ be instructed to consider "the relevance of and the weight to give the report, if any, as well as wether it might be necessary to seek a consultative psychological evaluation at this time."[77]

The Commissioner addressed the recommendation in one sentence in his objections, stating: "Finally, given that the Magistrate Judge's remand recommendation for consideration of Plaintiff's additional consultative report was clearly contingent on the unnecessary remand for further development of the vocational evidence, the entirety of the Commissioner's final decision should be affirmed."[78] The Court has concluded that remand is appropriate, therefore the Commissioner's argument is inapplicable.

Because the Court is remanding this case for further factual development on other grounds,

---

[75] Docket #11, Ex. A at 1.

[76] 42 U.S.C. § 405(g).

[77] Docket #21 at 35.

[78] Docket #23 at 6-7.

and because the Commissioner objected to the Magistrate Judge's conclusion only in the event that the Court found remand otherwise inappropriate, the Court accepts the Magistrate Judge's recommendation. On remand, the ALJ shall consider the relevance of and the weight to give the report, if any, as well as whether it might be necessary to seek a consultative psychological evaluation at this time.

## Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge is accepted, and the decision of the Commissioner is REVERSED and REMANDED. On remand, the ALJ is instructed to: (1) conduct proceedings in compliance with SSR 00-4p in determining whether Plaintiff could work as a night watchman, security guard, and gate guard; (2) conduct further factual development regarding whether and the extent to which the job of school bus monitor is available as a full-time position in the national and local economies; and (3) consider the relevance of and the weight to give the report, if any, as well as whether it might be necessary to seek a consultative psychological evaluation at this time.

It is so ORDERED.

SIGNED this 29th day of June, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE